RECEIVED
IN LAKE CHARLES, LA.
JUN 17 2013
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JAMES JOHNSON, ET AL | : | DOCKET NO. 2:12 CV-0885-PM-KK |
| VS. | : | JUDGE MINALDI |
| QUALAWASH HOLDINGS, LLC, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is the defendant's, Qualawash Holdings, LLC ("Qualawash"), Appeal [Doc. 76] from the Magistrate Judge's Order [Doc. 74] granting Insurance Co. of the State of Pennsylvania's ("ICSP") Motion to Intervene [Doc. 72]. The plaintiffs, James and Kim Johnson, filed an opposition [Doc. 83], as did ICSP [Doc. 86]. Qualawash filed a reply [Doc. 84]. For the reasons stated herein, the Magistrate Judge's ruling will be REVERSED and ICSP's Intervenor Complaint will be STRICKEN from the record.

### FACTUAL AND PROCEDURAL BACKGROUND

In this lawsuit, Mr. Johnson asserts that he was injured when, while he was working as a tank trailer delivery driver for Enterprise Products Transportation Company ("Enterprise"), he was struck by a faulty metal cap that came loose from the top of a tank.[1] Mr. Johnson and his wife, Kim Johnson (both Louisiana citizens), filed suit in the Fourteenth Judicial Court, Parish of

---

[1] Pl.'s Compl., [Doc. 1-1].

Calcalsieu, and included as defendants Qualawash[2] (the party who allegedly failed to properly affix the metal cap onto the tank trailer) and Kay Chemical Company and/or Ecolabs, Inc.[3] (the parties who failed to properly inspect the tank trailer before the unloading process).[4] He also named his employer, Enterprise, as a defendant and "party to this action to assert its [subrogation and/or reimbursement] rights against the other named defendants."[5]

On April 13, 2012, Qualawash removed this case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, as it appeared that all defendants were diverse from the plaintiffs and the amount in controversy requirement was met.[6] The plaintiffs then filed a Motion to Remand on April 20, 2012, arguing that remand was appropriate because Qualawash had not sufficiently plead its citizenship.[7] Ecolabs responded with a Motion to Conduct Limited Jurisdictional Discovery on May 11, 2012 (in order to ascertain Qualawash's citizenship),[8] which

---

[2] In the original Notice of Removal, Qualawash's citizenship is described as follows: "Qualawash Holdings, LLC is a limited liability company whose sole member is QW Holdings, LLC. QW Holdings, LLC has elected to be considered a corporation by the United States government for the purposes of taxation. QW Holdings is organized under the laws of the State of Florida with a statutory home office and a main administrative office or principal place of business located at 101 Franklin Street, Suite 101, Tampa, Florida. QW Holdings, LLC is a citizen of Florida." Not. of Removal, [Doc. 1], at ¶ 19.

[3] According to the Notice of Removal, EcoLabs is a "corporation organized under the laws of the state of Delaware with its principal place of business and nerve center in St. Paul, Minnesota." Not. of Removal, [Doc. 1], at ¶ 16. Kay Chemical Company is listed as a "corporation organized under the laws of the State of North Carolina, and is a citizen of North Carolina." Id. at ¶ 17.

[4] Pls.' Compl., [Doc. 1-1] at ¶¶ 15 – 16.

[5] Pls.' Compl., [Doc. 1-1] at ¶ 23. Enterprise's citizenship is described in the Notice of Removal as "a wholly owned subsidiary of Enterprise Products Company, [which] is a Texas corporation with a statutory home office located at 1100 Louisiana Street, Suite 100, Houston, Texas, and a main administrative office or principal place of business at 1100 Louisiana Street, Suite 1000, Houston, Texas. Enterprise Products Company is a citizen of Texas." Not. of Removal, [Doc. 1] at ¶ 20.

[6] Not. of Removal, [Doc. 1].

[7] Pls.' Mot. to Remand, [Doc. 9].

[8] EcoLab's Mot. for Leave to Conduct Limited Jurisdictional Discovery, [Doc. 16].

Magistrate Judge Kay granted during a hearing conducted on June 7, 2012.[9] On August 16, 2012, after conducting jurisdictional discovery, Qualawash filed an Amended Notice of Removal, setting forth that no members of Qualawash's limited liability company were citizens of Louisiana, thus making Qualawash diverse from the plaintiffs.[10] Qualawash noted that it had a full membership list that it had provided to the plaintiffs' counsel, and that it could provide this membership list to the court if requested (as of now, the court does not have this list).[11] On August 21, 2012, Qualawash filed a response to the plaintiffs' Motion to Remand, arguing that since the Amended Notice of Removal clarified Qualawash's citizenship, and proved that Qualawash was diverse from the plaintiffs, remand was improper.[12]

In response, while the Motion to Remand was still pending, on October 29, 2012, Enterprise and its workers' compensation insurer, ICSP, filed a deficient Motion to Intervene.[13] Then, on December 10, 2012, while the deficient Motion to Intervene was still pending, the plaintiffs filed a Proposed Amended Motion to Remand, preemptively arguing that diversity would be defeated if ICSP and Enterprise intervened, since ICSP (New York citizen) was not diverse from Qualawash (its LLC had members who were New York citizens).[14] After some

---

[9] Minutes for June 7, 2012 Mot. Hearing [Doc. 28].

[10] Amended Not. of Removal, [Doc. 39].

[11] *Id.*

[12] Qualawash's Opp. to Mot. to Remand, [Doc. 40].

[13] Enterprise and ICSP's Mot. to Intervene, [Doc. 45]. The motion was deficient because it did not indicate whether it was "with opposition" or not.

[14] Pls.' Proposed Amended Mot. to Remand, [Doc. 53]. In its motion, it argued that ICSP and Qualawash were not diverse because "ICSP is a citizen of the State of New York. According to the confidential disclosures made by defendant, Qualawash Holdings, LLC, its commercial lineage contains a number of citizens of the State of New York, as well. As such, for purposes of jurisdiction, Qualawash Holdings, LLC is deemed to be a citizen of the State of New York. ICSP and plaintiffs' interests are aligned in this case and are adverse to the defendants. Complete diversity does not exist because on the "plaintiffs 'side", ICSP is a citizen of New York and on the "defendants' side," Qualawash Holdings, LLC is a citizen of the State of New York." *Id.*

3

time had passed and ICSP and Enterprise failed to cure the deficiencies in their Motion to Intervene, on January 1, 2013, the court struck the deficient Motion to Intervene from the docket.[15] EcoLabs then filed a Motion to Strike the Amended Motion to Remand, arguing that, because Enterprise and ICSP had not been allowed to intervene, the parties were still completely diverse and thus there was no reason to remand.[16] Qualawash and EcoLabs also responded to the Amended Motion to Remand on January 23, 2013 and January 28, 2013, respectively, making similar arguments to those found in EcoLabs' Motion to Strike: namely, that because Enterprise and ICSP had never intervened, the parties were still completely diverse, and thus remand was improper.[17]

On January 29, 2013, ICSP once again filed a Motion for Leave to File Petition of Intervention or, Alternatively, Motion to Remand or Dismiss.[18] Unlike the first Motion to Intervene filed in this court, which was stricken, in this motion, *only* ICSP (and not Enterprise) moved to intervene.[19] ICSP made a few arguments in favor of remand. First, it noted that it had already paid a substantial amount in worker's compensation benefits to Mr. Johnson.[20] It argued that Louisiana worker's compensation law required it, as worker's compensation insurer, to

---

[15] Order to Strike Mot. to Intervene, [Doc. 58]. Enterprise also attempted to file a Joint/Voluntary Motion to Dismiss itself as an intervenor on November 30, 2012, arguing that because ICSP had paid all of the plaintiff's worker's compensation claims, Enterprise no longer had an interest in the litigation and should be dismissed. [Doc. 51]. This court denied the motion as moot, finding that because the Motion to Intervene had never been granted, and Judge Kay had subsequently stricken the motion from the docket because it was deficient, there was no Enterprise intervention to dismiss. *See* Order, [Doc. 61].

[16] Qualawash's Mot. to Strike Mot. to Remand, [Doc. 62].

[17] Qualawash's Opp. to Amended Mot. to Remand, [Doc. 70]; EcoLab's Opp to Amended Mot. to Remand, [Doc. 71].

[18] ICSP's Mot. for Leave to File Pet. Of Intervention, or, Alternatively, Mot. to Remand or Dismiss [Doc. 72].

[19] *See id.*

[20] *Id.* at p. 2

4

intervene in the plaintiff-employee's action against the third party tortfeasors, because otherwise it would forever be precluded from recovering against them.[21] It also noted that jurisprudence in the Western District of Louisiana supported the premise that, in situations in which a non-diverse worker's compensation insurer's right to recover would be lost if it were not permitted to intervene, a court must dismiss the case and allow it to proceed in state court so that the non-diverse insurer can assert its rights in a court that has jurisdiction over the case.[22]

On February 1, 2013, via electronic order, Magistrate Judge Kay granted the Motion to Intervene, and ICSP's Intervenor Complaint was entered onto the record.[23]

The jurisdictional gymnastics at an end (for now), Qualawash now appeals Judge Kay's decision to grant the Motion to Intervene, arguing that ICSP should not have been allowed to intervene because: (1) 28 U.S.C. § 1367(b) prohibits the exercise of supplemental jurisdiction over ICSP's intervention, because the exercise of jurisdiction would violate the jurisdictional requirements of 28 U.S.C. § 1332; (2) Enterprise, a diverse party who is still listed as a defendant, can adequately represent ICSP's interests instead; and (3) the plaintiff, Enterprise, and ICSP intentionally colluded to destroy diversity.

## STANDARD OF REVIEW

Magistrate judges are empowered by the United States Code to "hear and determine" non-dispositive pretrial motions. 28 U.S.C. § 636(b)(1)(A). A motion to intervene is considered a non-dispositive motion. *S.E.C. v. Koirnman*, No. Civ.A.3:04CV1803L, 2006 WL 148733, *2 (N.D. Tex., Jan. 18, 2006). If a party is dissatisfied with a magistrate judge's ruling, it may appeal to the district judge, who may reconsider the ruling and reverse it "where it has been

---

[21] *Id.* at p. 4.

[22] *Id.* at p. 5.

[23] Electronic Order Granting Mot. to Intervene, [Doc. 74]; Intervenor Compl., [Doc. 75].

shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see also* Fed. R. Civ. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). A finding is clearly erroneous when a reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2007) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Uniquely, in this situation, Judge Kay's granting of the Motion to Intervene was not accompanied by an opinion, and thus there is an issue as to what the court should review and consider as the Magistrate Judge's reasoning in reaching the ruling. As the only briefing before Judge Kay at the time she granted the Motion to Intervene was the argument contained in ICSP's Motion to Intervene, the court will assume that this briefing provided Judge Kay with the requisite reasoning in order to reach her decision.

## LAW & ANALYSIS

In the Motion to Intervene which the Magistrate Judge granted, ICSP first made the bare assertion that Louisiana worker's compensation law is implicated because ICSP paid worker's compensation benefits to the plaintiff "under the Louisiana Worker's Compensation Act." It is somewhat important for ICSP that Louisiana worker's compensation law applies, because under this law, an employer or insurer's failure to intervene in a suit filed by the employee against a third party tortfeasor, after proper notice, forever bars the employer or insurer from bringing a separate suit against the third-party torfeasor. *Dushane v. Gallagher Kaiser Corp.*, No. Civ.A.05-0171, 2005 WL 1959151, *2 (W.D. La., Aug. 10, 2005) (citing *Houston General Ins. Co. v. Commercial Union*, 649 So.2d 776, 782 (La. App. 1 Cir.1994); *Roche v. Big Moose Oil Field Truck Service*, 381 So.2d 396, 400 (La.1980)). ICSP uses this reasoning to show that it must be made a party to this litigation, or it will forever lose its chance to recover from the third

6

party torfeasors in this case.

The parties did not brief the issue of what state's worker's compensation law applies, either in this appeal or in the original Motion to Intervene. Based on the dearth of information supplied by ICSP in its Motion to Intervene, it is impossible to ascertain if Louisiana worker's compensation law actually governs ICSP's rights or not.[24] The absence of any meaningful analysis from any party on this issue is troubling, but assuming *arguendo* that Louisiana worker's compensation law applies, the Magistrate Judge's decision to allow intervention was still clearly erroneous.

Turning to the rules governing intervention, Rule 24 allows individuals who are not already parties to a suit to intervene in an existing case. Fed. R. Civ. P. 24. Interventions may be either "of right" under Rule 24(a) or "permissive" under Rule 24(b). In order intervene as of right under Rule 24(a), an individual must either prove that intervention is required by a United States statute, or else the applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R Civ. P. 24(a)(1 – 2). Permissive intervention is allowed under Rule 24(b) when a United States statute provides a conditional right to intervene or when an applicant's claim or defense and the main action have a common question of law or fact. Fed. R. Civ. P. 24(b).

The parties spend an extensive amount of time arguing whether ICSP is intervening as of right under Rule 24(a) or not. In granting the Motion to Intervene, it is uncertain whether the Magistrate Judge found that ICSP was an intervenor as of right under Rule 24(a) or simply

---

[24] Indeed, while this case does involve a Louisiana employee, the accident itself happened in North Carolina while the plaintiff-employee was working for a Texas employer.

a permissive intervenor under Rule 24(b). For the purposes of the undersigned's review, however, this does not make a difference. Under 28 U.S. § 1367(b), diversity-destroying interventions like ICSP's, whether under Rule 24(a) or 24(b), are explicitly precluded:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall *not* have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or *seeking to intervene as plaintiffs under Rule 24* of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332. (emphasis added)

In sum, § 1367(b) withholds supplemental jurisdiction over any Rule 24 intervention claims when the intervention of that party would destroy diversity. In this case, ICSP will align as an intervenor-plaintiff. See *Dushane*, 2005 WL 1959151 at *6 (finding that intervening employer who had paid worker's compensation benefits should be aligned as an intevenor-plaintiff because the employer would "align itself with [the employee], as it is in the employer's interest to maximize their recovery against Defendants and thereby increase the potential for [the employer] to recover all of the worker's compensation benefits it has already paid [the employee]."). Proceeding to the next step, ICSP, which has New York citizenship, would not be diverse from a party on the other side of the "v," the defendant Qualawash, as both sides acknowledge that Qualawash's LLC contains members who are New York citizens. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (holding that "the citizenship of a LLC is determined by the citizenship of all its members" for the purposes of diversity jurisdiction). This leads to the inevitable result that ICSP's intervention would destroy diversity, in contravention of 28 U.S.C. § 1367.

Faced with this issue, the Magistrate Judge had two options: either deny intervention

8

because it would destroy diversity, or else find that ICSP was not only an intervenor as of right under Rule 24(a)(2), but also an indispensable party under Rule 19(b), necessitating that the litigation must be dismissed for lack of complete diversity so that the case could proceed in a court that had jurisdiction. *See B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 544-47 (1st Cir.2006) (holding that if a non-diverse potential intervenor is entitled to intervene as of right under Rule 24(a)(2), a court must consider whether the party is indispensable under Rule 19(b), and that, if indispensable, the litigation must be dismissed for lack of complete diversity). It was clearly erroneous and contrary to law for the Magistrate Judge to allow the intervention without taking into consideration the implications of 28 U.S.C. § 1367(b). Further, because ICSP did not even present argument on whether ICSP was an indispensable party under Rule 19 to the Magistrate Judge, and the parties provided almost no briefing on this issue in the appeal, the undersigned has no record to determine whether Rule 19 would mandate dismissal because ICSP is an indispensable party. Accordingly,

**IT IS ORDERED** that the Magistrate Judge's order [Doc. 74] granting ICSP's Motion to Intervene is **REVERSED**;

**IT IS FURTHER ORDERED** that ICSP's Intervenor Complaint [Doc. 75] be **STRICKEN** from the record.

Lake Charles, Louisiana, this 14 day of June 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

9