RECEIVED
IN LAKE CHARLES, LA.

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

JAN -- 6 2014

TONY R. MOORE, CLERK
BY _____
DEPUTY

| | | |
|---|---|---|
| JAMES AND KIM JOHNSON, | * | CIVIL ACTION NO. 2:12-CV-00885 |
| INDIVIDUALLY AND AS PARTNERS IN | * | |
| THE COMMUNITY OF ACQUETS AND | * | |
| GAINS EXISTING BETWEEN THEM, | * | |
| AND JAMES JOHNSON AS | * | |
| ADMINISTRATOR OF THE ESTATES | * | |
| OF THE MINOR CHILDREN, | * | |
| KATELYN AND KOLBY JOHNSON | * | |
| | * | JUDGE MINALDI |
| **Plaintiffs** | * | |
| | * | |
| V. | * | |
| | * | |
| QUALAWASH HOLDINGS, L.L.C., ET | * | |
| AL. | * | |
| | * | |
| **Defendants** | * | MAGISTRATE JUDGE KAY |

**************************************************************************

## MEMORANDUM RULING

Before the court is the non-party Insurance Company of the State of Pennsylvania's (ICSP) Motion to Dismiss, Without Prejudice, or Remand to State Court for Failure to Join a Necessary and Indispensable Party [Doc. 89]. The defendants Ecolab, Inc. (Ecolab), and Kay Chemical Company (Kay Chemical) filed a Memorandum in Opposition [Doc. 95]. The defendant Qualawash Holdings, L.L.C. (Qualawash) also filed a Memorandum in Opposition [Doc. 96]. ICSP timely filed a Reply Memorandum [Doc. 107]. On November 18, 2013, leave was granted to Ecolab, Kay Chemical, and Qualawash (defendants) to file a Supplemental Memorandum in Opposition to ICSP's Motion.[1] The defendants thereafter filed said Supplemental Memorandum [Doc. 119], and included therewith an excerpt of the insurance

---

[1] Order [Doc. 118].

policy confected between ICSP and Enterprise Products Transportation Company, L.L.C., Mr. Johnson's employer.[2]

Following the filing of ICSP's Motion to Dismiss or Remand [Doc. 89], Qualawash filed a Motion to Strike [Doc. 92] ICSP's Motion, essentially arguing that, as a non-party to the litigation, ICSP has no standing to bring a 12(b) Motion.[3]  James and Kim Johnson (plaintiffs) filed a Memorandum in Opposition to the Motion to Strike [Doc. 93], as did ICSP [Doc. 104].  In the interest of judicial economy, and in furtherance of the simplest possible disposition of what has become a complex series of overlapping motions, the court first addresses the Motion to Strike [Doc. 92] filed by Qualawash, as a favorable ruling for Qualawash on that Motion would render further consideration of ICSP's Motion to Dismiss or Remand unnecessary.  For the following reasons,

**IT IS ORDERED** that Qualawash's Motion to Strike [Doc. 92] be and hereby is **DENIED.**

**IT IS ORDERED** that this case be and hereby is **DISMISSED** pursuant to the court's authority to consider and apply *sua sponte* the provisions of Rule 19 of the Federal Rules of Civil Procedure.

## FACTS AND PROCEDURAL BACKGROUND

Mr. Johnson was employed by Enterprise Products Transportation Company, L.L.C., (Enterprise) as a tank trailer delivery driver when he allegedly sustained injuries when he was struck by a defective metal cap that "exploded off of its underlying fitting forcefully striking him in the face and knocking him off the top of the tank trailer."[4]  ICSP is Enterprise's workers'

---

[2] Insurance Policy Contract for Policy # WC 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 between ICSP and Enterprise [Doc. 119-2].
[3] Mot. to Strike [Doc. 92], at 1-2.
[4] Pl.'s Compl. [Doc. 1-1], at ¶¶ 4-5, 11-12.

compensation insurer.[5]  The plaintiffs, Louisiana citizens, filed suit in the Fourteenth Judicial

District Court for the Parish of Calcasieu against Qualawash (the party that the plaintiffs allege

improperly affixed the metal cap onto the tank trailer), Kay Chemical and Ecolab (the parties

who allegedly failed to properly inspect the tank trailer prior to unloading), and Enterprise which

was "joined . . . as a defendant to require it to assert its rights against the other named defendants

under LA-R.S. 23:1101, or hereafter be precluded from doing so."[6]

      Qualawash removed the case to federal court on April 13, 2012, pursuant to 28 U.S.C. §

1332, on the basis of diversity jurisdiction.[7]  Since removal, there have been voluminous filings

in this case largely predicated on whether or not ICSP should be permitted to intervene, which

would have the ultimate effect of destroying diversity as both ICSP and Qualawash are citizens

of New York.[8]  On April 20, 2012, the plaintiffs filed a Motion to Remand [Doc. 9], in which the

plaintiffs argued that Qualawash had not sufficiently demonstrated its citizenship because the

citizenship of the members of Qualawash's sole member, QW Holdings, L.L.C., were never set

forth.[9]  Ecolab then filed a Motion for Leave to Conduct Limited Jurisdictional Discovery as to

Plaintiff's Motion to Remand [Doc. 16] in order to investigate the citizenship of Qualawash,

which was granted by the Magistrate Judge.[10]  Qualawash then asserted that none of its members

were Louisiana citizens, thus preserving diversity, as set forth in Qualawash's Amended Notice

of Removal [Doc. 39].

---

[5] Memo. Order [Doc. 87], at 3.
[6] Pl.'s Compl. at ¶ 22.  Plaintiff's complaint states, "[i]n that Enterprise Products Transportation Company, LLC has paid or will pay benefits to and/or on behalf of Johnson under workers compensation laws, including the Louisiana Workers Compensation Act, LA-R.S. 23:1201, *et seq.*, it may be entitled to recover the amount of such benefits paid or to be paid." *Id.*
[7] Not. of Removal [Doc. 1], at 1-2.
[8] ICSP's Mem. of Law in Supp. of Its Mot. to Dismiss, Without Prejudice, or Remand to State Court for Failure to Join a Necessary and Indispensable Party [Doc. 89-1], at 6.
[9] Mem. in Supp. of Mot. to Remand [Doc. 9-1], at 2-3.
[10] Minutes for June 7, 2012 Mot. Hearing [Doc. 28].

On December 10, 2012, the plaintiffs filed a Proposed Amended Motion to Remand [Doc. 53], arguing for remand (somewhat prematurely) based on ICSP's New York citizenship and Qualawash's New York citizenship effectively destroying diversity.[11] Ecolab then moved to strike [Doc. 62] the Motion to Remand [Doc. 59].[12]

ICSP then filed a Motion to Intervene on January 29, 2013 [Doc. 72]. Citing *Houston General Ins. Co. v. Commercial* Union, 649 So. 2d 776, 782 (La. Ct. App. 1994), and *Roche v. Big Moose Oil Field Truck Service*, 381 So. 2d 396, 400 (La. 1980), ICSP grounded its intervention argument first in the fact that it had already made substantial worker's compensation payments to the plaintiff, and secondly by positing that Louisiana jurisprudence dictates that after an employer has been properly notified of its employee's filing of suit against a third-party tortfeasor, the employer's failure to intervene in the suit will operate to bar the employer from bringing a separate suit against the third-party tortfeasor.[13] This is significant, argued ICSP, because an employer's worker's compensation insurer who makes payments to an employee is also permitted to sue the third-party tortfeasor to recover the benefits already paid to the employee.[14] This motion was filed only by ICSP, rather than by both ICSP and Enterprise, as the original motion to intervene was. ICSP's Motion to Intervene was granted by electronic order by Magistrate Judge Kay on February 1, 2013.[15]

---

[11] Mem. in Supp. of Supplemental and Amended Mot. to Remand [Doc. 53-2], at 2. The plaintiffs note in the aforementioned motion that "[a]ccording to the confidential disclosures made by defendant, Qualawash Holdings, LLC, its commercial lineage contains a number of citizens of the State of New York." *Id.*
[12] Qualawash and Ecolab also filed responses to the Amended Motion to Remand, making similar arguments to those made in Ecolab's Motion to Strike. Opp. to Am. Mot. to Remand [Doc. 70]; Ecolab's Opp. to Am. Mot. to Remand [Doc. 71].
[13] Mot. for Leave to File Pet. of Intervention, or Alternatively, Mot. to Remand or Dismiss [Doc. 72], at 3.
[14] *Id.* at 2.
[15] Electronic Order [Doc. 74].

Qualawash then appealed the Magistrate Judge Decision to the undersigned [Doc. 76], which the court granted.[16]  The court noted in its ruling that neither party had made any serious argument as to which state's worker's compensation law actually applied.[17]  The incident in question occurred in North Carolina, and which state's law ultimately applied was particularly relevant as ICSP's argument was based on its interpretation of Louisiana law, as previously discussed.  Nevertheless, the court assumed *arguendo*, without deciding, that Louisiana law applied, and conducted its analysis accordingly.[18]

The court applied Rule 24 of the Federal Rules of Civil Procedure in assessing whether intervention by ICSP was appropriate.  In so doing, the court stated that it was irrelevant to the instant analysis whether or not the intervention was one of right or a permissive intervention, as such diversity-destroying interventions are explicitly precluded under 28 U.S.C. § 1367(b).[19]  The court then, citing to *Dushane v. Gallagher Kaiser Corp*, No. 05-0171, 2005 WL 1959151, *2 (W.D. La. Aug. 10, 2005), the case heavily relied upon by ICSP,[20] noted that ICSP would necessarily enter the suit as a plaintiff.[21]  Given this procedural posture, the court noted that only

---

[16] Memo. Order [Doc. 87], at 1.
[17] *Id.* at 7.
[18] *Id.*
[19] *Id.* at 8.  The court quoted the statute, which bears repeating:
> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall *not* have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or *seeking to intervene as plaintiffs under Rule 24* of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b) (emphasis added).
[20] *See* ICSP's Mem. of Law in Supp. of Its Mot. to Dismiss, Without Prejudice, or Remand to State Court for Failure to Join a Necessary and Indispensable Party [Doc. 89-1], at 6-7.
[21] The court noted that the *Dushane* court found that an
> intervening employer who had paid worker's compensation benefits should be aligned as an intervenor-plaintiff because the employer would "align itself with [the employee], as it is in the employer's interest to maximize their recovery against Defendants and thereby increase the potential for [the employer] to recover all of the worker's compensation benefits it has already paid [the employee]."

Memo. Order [Doc. 87], at 8 (citing *Dushane*, 2005 WL 1959151, at *6).

two options existed: either 1) deny intervention because it would destroy diversity, or 2) find that ICSP was not only an intervenor as of right pursuant to Rule 24, but an indispensable party under Rule 19 as well.[22]  The latter finding would necessitate the dismissal of the litigation for lack of complete diversity.  The court ultimately found that it was inappropriate for the Magistrate Judge to permit intervention without any consideration of 28 U.S.C. § 1367(b), and further noted that the memorandums both in support and opposition were practically void of any argument as to whether ICSP was an indispensable party under Rule 19.  Ultimately, the court reversed the Magistrate Judge's order, thus denying ICSP's Motion to Intervene and striking its Intervenor Complaint from the Record.[23]  This is the procedural posture from which the parties filed the motions presently before the court.[24]

## LAW AND ANALYSIS

As previously stated, the first matter to be addressed is the Motion to Strike [Doc. 92] filed by Qualawash, seeking to strike ICSP's Motion to Dismiss or Remand [Doc. 89].  In order to correctly decide the matter of Qualawash's Motion to Strike [Doc. 92], reference must be made to the substance of ICSP's Motion to Dismiss or Remand [Doc. 89], which requests the court to "dismiss or remand this case to state court pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure on grounds that ICSP is an indispensable party within the meaning of Rule 19(b) of the Federal Rules of Civil Procedure."[25]

## QUALAWASH'S MOTION TO STRIKE ICSP'S MOTION TO DISMISS OR REMAND

---

[22] *Id.* at 8-9.
[23] *Id.* at 9.
[24] *See* [Docs. 89, 92, 93, 95, 96, 104, 107 and 119].
[25] ICSP's Memo. of Law in Supp. of Its Mot. to Dismiss Without Prejudice, or Remand to State Court for Failure to Join a Necessary and Indispensable Party [Doc. 89-1], at 1.

Qualawash's Motion to Strike takes issue with the fact that ICSP, a non-party seeking intervention, seeks to bring its Motion [Doc. 89] pursuant to Rule 12(b)(7).[26]  Federal Rule of Procedure 12(b)(7) states that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: . . . (7) failure to join a party under Rule 19." FED. R. CIV. PRO. 12(b)(7).  Thus, based on this language, Qualawash argues that only a *party* may assert such a defense, and ICSP is not a party as its Motion to Intervene has been previously denied.  *See* Memo. Order [Doc. 87].  Thus, ICSP has no standing to bring such a motion.[27]

The plaintiffs have filed a Memorandum in Opposition to Qualawash's Motion to Strike [Doc. 93].  The plaintiffs argue that ICSP is not employing "failure to join a party" as a "defense" to a claim, but rather as relief that will ultimately permit ICSP to *assert* a claim.[28]  Thus, the plaintiffs argue that ICSP's Motion to Dismiss is "brought directly under Rule 19 and seeks affirmative relief directly under that rule."[29]

ICSP also filed a Memorandum in Opposition to Qualawash's Motion to Strike. [Doc. 104], arguing that ICSP *is*, in fact, a party, pursuant to Rule 17 of the Federal Rules of Civil Procedure.[30]   ICSP goes on to cite to Supreme Court jurisprudence which ICSP argues stands for the proposition that "if an insurer-subrogee has paid an entire loss suffered by the insured, it is the real party in interest and must sue in its own name."[31]  Thus, ICSP argues that it is the "real party in interest" in this matter.

---

[26] Mot. to Strike [Doc. 92], at 1.
[27] Mem. in Supp. of Mot. to Strike [92-1], at 2.
[28] Memo. in Opp. [Doc. 93], at 2.
[29] *Id.*
[30] Memo. in Opp. [Doc. 104], at 1.
[31] *Id.* at 2 (citing *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380-81 (1949) (citations omitted)).

7

As to ICSP's argument that it is already a party pursuant to Rule 17, the court must

disagree.  First,

> Rule 19 does not incorporate any of the "real party in interest" principles of Rule
> 17; while actions that are not prosecuted by the "real party in interest" are subject
> to dismissal, merely having an interest in a diversity action does not subject a
> party to compulsory joinder unless one of the three tests in Rule 19 is satisfied.

*See also Kint v. Terrain King Corp.*, 79 F.R.D. 10, 11 (M.D. Pa. 1977).  Thus, Rule 17 is not a

broad based invitation for parties to substitute *themselves* into and out of the litigation of others

because they find themselves to have an interest in the outcome of a suit.  Rather, its plain intent

is simply that parties prosecute their claims for themselves and on their own behalves.  This is

clear from the language of the exceptions found in Rule 17(a)(1)(A-G), which allow executors,

administrators, trustees and other legal representatives to sue in their own names, even though

suing on the behalf of others, without the requirement of joining the person for whose benefit the

action is brought.  FED. R. CIV. PRO. 17(a)(1).  ICSP's interpretation of Rule 17, on the other

hand, would seem to dictate that any time a non-party has an interest in ongoing litigation that

that entity is somehow automatically made a party to said litigation by operation of law.  With

this, the court cannot agree, and ICSP cites no authority directly on point which would persuade

the court otherwise.

In *Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377 (2nd Cir. 2006), the

Second Circuit Court of Appeals assessed whether a non-party movant could be permitted to

move to dismiss the underlying action by arguing that it was a necessary and indispensable party

under Rule 19.  *Id.* at 379.  That same non-party also moved to intervene under Rule 24.  *Id.*

There, the court stated that there was "nothing in the text or notes to Rule 19 that would indicate

strangers to an action may file motions to dismiss under that rule."  *Id.* at 382.  Nevertheless, the

court therein went on to note that that was "not to say, however, that the district court was

8

prohibited from considering the issue of whether [the movant] was an indispensable party to the underlying litigation. Because Rule 19 protects the rights of an absentee party, both trial courts and appellate courts may consider this issue *sua sponte* even if it is not raised by the parties to the action." *Id.* at 382-83 (citing *Manning v. Energy Conversion Devices, Inc.*, 13 F.3d 606, 609 (2nd Cir. 1994)). *See also Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968) (directing courts to take, on their own initiative, measures to protect an absentee party). The Fifth Circuit has also adopted this viewpoint as to Rule 19. *See Pickle v. Int'l Oilfield Divers, Inc.*, 791 F.2d 1237, 1242 (5th Cir. 1986). *See also McKenzie v. EOG Res. Inc.*, No. 08-0308, 2008 U.S. Dist. LEXIS 37170, at *1 (W.D. La. May 7, 2008) (stating that "courts may consider the issue sua sponte"). Thus, even if we assume for the moment that a non-party, such as ICSP, has no right, as a stranger to the action, to submit a motion pursuant to Rule 19, the court is permitted to consider the implications of Rule 19 on an action *sua sponte*.

Further, even though Rule 24 is, strictly speaking, the proper vehicle for a non-party to insert itself into ongoing litigation, federal courts are within their authority to construe motions by a non-party that are improperly predicated on Rule 19 as motions to intervene. *See Estate of McFarlin v. City of Storm Lake*, 277 F.R.D. 384 (N.D. Iowa 2011) (stating that "[w]here an interested person has improperly filed a Rule 19 motion, the court must treat it as a motion to intervene pursuant to Rule 24"). *See also Herb Reed Enters. v. Bennett*, No. 2:10-cv-1981, 2012 U.S. Dist. LEXIS 169720, at *13 (D. Nev. Nov. 29, 2012) (stating that "federal courts generally construe improper nonparty Rule 19 motions as a motion to intervene under Rule 24"). *See also Rancheria v. Salazar*, No. C-07-02681, 2011 U.S. Dist. LEXIS 108271, at *11 n.4 (N.D. Cal. Sept. 22, 2011) (citations omitted) (stating that "[t]he Court may treat a non-party's motion

9

improperly brought under Rule 19 as a motion to intervene under Rule 24"). Thus, there exist multiple mechanisms which would permit the court to consider the substance of ICSP's Motion.

Here, given that there has been nearly eighteen months of extensive and convoluted filings by all parties, and at least one non-party, to this action concerning whether or not ICSP may be a party herein, the court now seeks to exercise its authority to consider the matter. Moreover, the court stated in denying ICSP's original attempt at intervention that the parties had provided no briefing on the applicability of Rule 19, and, as such, no record then existed "to determine whether Rule 19 would mandate dismissal because ICSP is an indispensable party."[32] Further, the plaintiffs' Memorandum in Opposition to Qualawash's Motion to Strike is evidence enough that, were the court to grant the Motion to Strike ICSP's Motion to Dismiss or Remand pursuant to Rule 19 simply because ICSP is not currently a party, then it may be fairly predicted that the plaintiffs, who clearly desire ICSP's ongoing involvement in the suit, would submit a Rule 12(b)(7) motion of their own for consideration of the same issues. The court sees no reason to prolong this lengthy procedural battle any longer, nor to needlessly waste the parties' time and money. Accordingly,

**IT IS ORDERED** that Qualawash's Motion to Strike [Doc. 92] be and hereby is **DENIED.**

### ICSP'S MOTION TO DISMISS OR REMAND

ICSP, a non-party to this case, seeks dismissal or remand of this action on the grounds that it is an indispensable party pursuant to Rule 19.[33] The central thrust of ICSP's Motion to Dismiss or Remand is based on Rules 19 and 24.[34]

---

[32] Memo. Order [Doc. 87], at 9.
[33] ICSP's Memo. in Supp. of Its Mot. to Dismiss, Without Prejudice, or Remand to State Court for Failure to Join a Necessary and Indispensable Party [Doc. 89-1], at 1.

As noted in the court's prior ruling in this matter, 28 U.S.C. § 1367(b) prohibits the court from exercising jurisdiction over a matter where a non-diverse plaintiff is made a party under Rule 24.[35]  However, where a non-diverse potential intervenor is entitled to intervene as of right under Rule 24(a)(2), a court must consider whether the non-party is required under Rule 19; if that non-party is required, and the litigation may not proceed in that party's absence, the litigation must be dismissed for lack of complete diversity.[36]  Thus, the crucial inquiry is whether ICSP is a required party under Rule 19(b).

Rule 19(a) provides that one whose joinder will not destroy subject matter jurisdiction and who is also subject to service of process *must* be joined (thus, is a required party) if

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. PRO. 19(a)(1)(B).

As already discussed, ICSP's joinder will destroy this court's subject matter jurisdiction. As such, if ICSP is a required party, we turn to Rule 19(b), which states that where there is a required party whose joinder is not feasible (i.e. will destroy the court's subject matter jurisdiction), the court must determine whether the litigation should continue with the remaining parties or whether to dismiss the litigation outright. FED. R. CIV. PRO. 19(b).  In so deciding, a court shall consider

> (1) The extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

---

[34] ICSP's Memo. in Supp. of Its Mot. to Dismiss, Without Prejudice, or Remand to State Court for Failure to Join a Necessary and Indispensable Party [Doc. 89-1], at 4-7.
[35] Memo. Order [Doc. 87], at 8.
[36] *Id.* at 9 (citing *B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 544-47 (1st Cir. 2006)).

(2) The extent to which any prejudice could be lessened or avoided by:
    (A) Protective provisions in the judgment;
    (B) Shaping the relief; or
    (C) Other measures;
(3) Whether a judgment rendered in the person's absence would be adequate; and
(4) Whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

FED. R. CIV. PRO. 19(b).

> Thus, "Rule 19 sets up a two part test to determine whether a party is indispensable. Subdivision (a) establishes when a person is considered 'necessary to the litigation—that is, the party must be joined if possible. Subdivision (b) sets out the facts the court must consider to determine whether a 'necessary' party is 'indispensable'—that is, the case must be dismissed if the person cannot be joined."

*Int'l Paper Co. v. Denkmann Assocs.*, No. 96-512, 1996 U.S. Dist. LEXIS 5889, at *12 (E.D. La. May 2, 1996).

## IS ICSP A REQUIRED PARTY?

ICSP's primary argument is that it must be permitted to join in the lawsuit because, if it were not so permitted, it would be barred from ever recovering directly from a third-party tortfeasor or the plaintiff.[37] The validity of this claim is central to the determination of whether ICSP is a required party.

Louisiana worker's compensation law provides that an injured employee may sue a third party tortfeasor despite having received worker's compensation benefits from an employer or an employer's insurance carrier. LA. REV. STAT. ANN. art. 23:1101(A) (2005). The same statute also permits an employer (such as Enterprise) or an insurer (such as ICSP) to file suit against the third party tortfeasor to recover any payments made to the employee. LA. REV. STAT. ANN. art. 23:1101(B) (2005). The key argument, essential to the success of ICSP's motion, is derived

---

[37] ICSP's Memo. of Law in Supp. of Its Mot. to Dismiss Without Prejudice, or Remand to State Court for Failure to Join a Necessary and Indispensable Party [Doc. 89-1], at 7.

from *Houston Gen. Ins. Co. v. Commercial Union*, 649 So.2d 776 (La. Ct. App. 1994), a case

from the Louisiana First Circuit, which states that

> [a]lthough the statute provides that the other *may* intervene as a party plaintiff if
> either the employee or the employer brings suit against a third person (tortfeasor),
> the jurisprudence holds that an employer's failure to intervene in a suit filed by
> the employee, after proper notice, bars the employer from bringing a separate suit
> against a third party tortfeasor.

*Id.* at 782 (citing *Roche v. Big Moose Oil Field Truck Service*, 381 So. 2d 396, 400 (La. 1980)).

Thus, on the basis of this jurisprudence, as well as ICSP's assertion that Louisiana law provides

no mechanism which would permit an insurer to obtain reimbursement directly from an

employee who has recovered damages from a third party tortfeasor,[38] ICSP argues that it is an

indispensable party under Rule 19 and that the suit must be dismissed if it is not permitted to

join.  Ergo, as noted by Ecolab and Kay Chemical in their joint opposition brief, ICSP appears to

be implicating the provision of Rule 19(a)(B)(i), which requires a party's joinder if "that person

claims an interest relating to the subject of the action and is so situated that disposing of the

action in the person's absence may as a practical matter impair or impede the person's ability to

protect its interest."  FED. R. CIV. PRO. 19(a)(B)(i).

Ecolab and Kay Chemical counter by noting that ICSP's interest in the litigation consists

entirely of a right to be reimbursed for payments made, and that, as such, ICSP will not be

presenting evidence, participating in the employee's main demand, or otherwise participating in

the litigation.[39]  Ecolab and Kay Chemical also argue that ICSP can collect its reimbursement

through its insured, Enterprise.  They argue that the Louisiana First Circuit case relied on by

ICSP only bars the bringing of a separate suit *against a third party tortfeasor* (such as

Qualawash, Ecolab, or Kay Chemical); it says nothing about ICSP's receiving reimbursement

---

[38] *Id.* at 4.
[39] Memo. in Opp. [Doc. 95], at 12-13.

from an employer by other means.[40]  The full contractual relationship between ICSP and

Enterprise has become clearer since the production of the insurance contract, which was

submitted after the filing of the instant motions.[41]

      "[T]he party advocating joinder has the initial burden of demonstrating that a missing

party is necessary." *Hood ex rel Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir.

2009).  ICSP has attempted to carry this burden by asserting that its only possible remedy—

reimbursement—necessarily requires its inclusion in the suit.  Much reliance in this regard has

been placed on the court's opinion in *Dushane*.  In *Dushane*, the court had a similar, but not

identical, scenario before it.  The plaintiff, an employee of General Motors Corporation (GM),

filed suit against several third party tortfeasors, and GM sought to intervene to recover workers'

compensation payments already made, or to be made, by GM to the plaintiff therein.  *Dushane*,

2005 WL 1959151, at *1.  As GM's intervention would have destroyed diversity, and thus the

court's subject matter jurisdiction, it bears some close similarity to the instant case.  *Id.*  The

court was quite clear in its interpretation of Louisiana worker's compensation law in stating that

"*[o]nly by intervening in the employee's lawsuit will the employer's right to reimbursement of

benefits already paid be preserved and protected.*"  *Id.* at *2 (emphasis in original).  As is the

case here with ICSP, GM's complaint of intervention did not assert any affirmative claims for

relief against the defendants;  rather, the complaint provided that "[i]n the event that there is a

judgment herein in favor of plaintiffs, there should be judgment herein in favor of intervenor

against plaintiffs and defendants, apportioning the proceeds of the Judgment in accordance with

La. R.S. 23:1101 et seq . . ." *Id.* at *5.  Ultimately, the court, applying Rule 19, found that the

case could not proceed in GM's absence.  *Id.* at *7.

---

[40] *Id.* at 13.
[41] *See* Insurance Policy Contract for Policy # WC 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 between ICSP and Enterprise [Doc. 119-2].

The instant case, however, can be distinguished from the facts in *Dushane*, as pointed out by Qualawash, because the plaintiff's employer, Enterprise, is already a party.  However, this does not end the inquiry, because Enterprise's inclusion in the suit does not in and of itself protect ICSP's interest unless ICSP has some legal recourse to recover from Enterprise in the event of a judgment in favor of the plaintiffs.  This is problematic, because the contract in question provides only for subrogation, not for reimbursement.

"The words of a contract must be given their generally prevailing meaning." LA. CIV. CODE. ANN. art. 2047 (1984).  "An insurance contract, however, should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms." *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003).

"Subrogation is the substitution of one person to the rights of another." LA. CIV. CODE. ANN. art. 1825 (1984).  "[S]ubrogation clauses are a common part of insurance policies issue[d] by private insurers." *United States v. Parish of St. Bernard*, No. 81-1808, 1983 U.S. Dist. LEXIS 15571 (E.D. La. Jul. 8, 1983).   While it is true that "subrogation has as its primary object reimbursement of the subrogee for payments made by it," *Durham Life Ins. Co. v. Lee*, 625 So. 2d 706, 709 (La. Ct. App. 1993), such clauses do not in and of themselves give rise to separate causes of action in favor of the subrogee and against the subrogor for reimbursement. "Subrogation generally takes place after insurance proceeds have been paid out and the insurance company, substituting itself in place of the insured, seeks reimbursement *from a third-party*." *Arana v. Ochsner Health Plan*, 352 F.3d 973, 978-79 (5th Cir. 2003) (citation omitted) (emphasis added).

The contract herein provides for rights of subrogation only, not of reimbursement.  The insurance contract provides that, "We [ICSP] have your [Enterprise's] rights, and the rights of persons entitled to the benefits of this insurance, to recover our payments from anyone liable for the injury.  You will do everything necessary to protect those rights for us and to help us enforce them."[42]  The plain language of the contract grants ICSP the right to "recover [its] payments from anyone liable for the injury."[43]  It does not give ICSP the right to recover from its insured, Enterprise.  The contract does not require Enterprise to reimburse ICSP for payments made should the plaintiffs prevail; it only requires Enterprise to do whatever is necessary to protect "those *rights*"—namely, the rights pertaining to subrogation.  Thus, ICSP has subrogation rights to engage in suit against third party tortfeasors.  The problem here is that ICSP is jurisdictionally precluded from doing so, hence the implication of Rule 19.

In sum, ICSP cannot intervene in the suit without destroying diversity and this court's subject matter jurisdiction along with it.  However, ICSP has already made payments to the plaintiff in this matter pursuant to its policy of insurance with Enterprise, the plaintiff's employer.  Under Louisiana law, if ICSP does not intervene in this suit, it loses its right to recover from any third party tortfeasors under Louisiana's workers' compensation scheme.  A good argument could be made that ICSP would not be considered an indispensable party under Rule 19 if it had some other means of recovery—for instance, if there was a reimbursement clause in its contract of insurance with Enterprise.  However, that contract provides only for subrogation rights, subrogating ICSP to only the rights of Enterprise against third party tortfeasors.  As a result, the only mechanism which would allow ICSP to recoup payments already made is its inclusion in the suit.

---

[42] Insurance Policy Contract for Policy # WC 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 between ICSP and Enterprise [Doc. 119-2], at 17, Part One, Section G – Recovery from Others.
[43] *Id.*

16

Ecolab and Kay Chemical point out that ICSP and Enterprise are represented by the same counsel.[44] As a result, both Enterprise and ICSP must have a mutual understanding that their interests are aligned.[45] This alone, however, is insufficient to protect ICSP's interest. Were ICSP precluded from partaking in this litigation, and the plaintiffs and Enterprise were ultimately to prevail, there would be no legal means for ICSP to compel Enterprise to remit the recovered damages award to ICSP.

Applying the framework of Rule 19 to this scenario, ICSP is a required party in that it claims an interest in this litigation, and its exclusion from this case would "as a practical matter impair or impede [its] ability to protect the interest." FED. R. CIV. PRO. 19(a). In deciding whether to continue in ICSP's absence or to dismiss the litigation, the court is guided by the provisions of Rule 19(b).

A judgment rendered in ICSP's absence would prejudice it greatly because it would have the ultimate effect of depriving them of any mechanism with which to recoup payments made to their insured that resulted from the acts of third party tortfeasors. *See* FED. R. CIV. PRO. 19(b)(1). Further, the court has limited options available to it to lessen or avoid that prejudice. *See* FED. R. CIV. PRO. 19(b)(2). While there is very limited case law indicating that, in similar situations, some courts have expressed a willingness to "entertain" motions requesting the court to condition a plaintiff's award on their subsequent satisfaction of an employers' lien interest, *see, e.g.*, *O'Brien v. Tri-State Oil Tool Industries, Inc.*, 566 F. Supp. 1119, 1124 (W.D. Va. 1983), such holdings are rare, and the court does not relish the prospect of judicially ordering a portion of a damages award to a non-party to the litigation, particularly when that non-party could be

---

[44] Memo. in Opp. [Doc. 95], at 16.
[45] *See In re Hoffman*, 883 So. 2d 425, 432 (La. 2004) (noting that Rule 1.7(b) of the Rules of Professional Conduct permits an attorney's representation of multiple clients in the same matter when the clients' "interests are generally aligned.").

made a party in state court.  However, a judgment rendered in ICSP's absence would be adequate in the sense that the plaintiff would have the opportunity to be made whole, thus weighing against dismissal.  FED. R. CIV. PRO. 19(b)(3).  Nevertheless, applying the fourth factor, the plaintiff would still have a perfectly adequate remedy in state court should the action be dismissed for nonjoinder.  FED. R. CIV. PRO. 19(b)(d).

Having found ICSP to be a required party, and pursuant to Federal Rule of Civil Procedure 19, it is incumbent upon the court to "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  As the foregoing shows, ICSP's interest cannot be properly protected without their inclusion in the suit.  As a result, this action cannot proceed in their absence.

It is never desirous to dismiss an action in this manner after over a year of litigation, much of which has focused primarily on the plaintiffs' and ICSP's attempts to have this action remanded to state court.  Nevertheless, the application of Rule 19 is concerned with both pragmatism and the balancing of the competing interests of parties and non-parties, alike.  *See AT&T Communications v. BellSouth Telecommunications, Inc.*, 238 F.3d 636, 658-59 (5th Cir. 2001).[46]  As such, the court has no choice but to dismiss the action.  Accordingly,

**IT IS ORDERED** that this case be and hereby is **DISMISSED** pursuant to the court's authority to consider and apply *sua sponte* the provisions of Rule 19 of the Federal Rules of Civil Procedure.

---

[46] *See also Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir. 1970), stating:
> The plaintiff has the right to "control" his own litigation and to choose his own forum.  This "right" is, however, like all other rights, "defined" by the rights of others.  Thus the defendant has the right to be safe from needless multiple litigation and from incurring avoidable inconsistent obligations.  Likewise the interests of the outsider who cannot be joined must be considered.  Finally there is the public interest and the interest the court has in seeing that insofar as possible the litigation will be both effective and expeditious.

Lake Charles, Louisiana, this ___ day of _____, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE